**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAGMOHAN SINGH )<br>   1003 South Tower 3 Residence, )<br>   Dubai Creek, Harbour, Dubai )<br>                       )<br>        Plaintiff(s) )<br>        v. )<br>                       )<br>MARCO RUBIO, in his official capacity, )<br>Secretary, U.S. Department of State; )<br>SHANE MYERS, in his official capacity, )<br>Acting Deputy Assistant Secretary, Bureau of )<br>Consular Affairs; )<br>ERIC GAUDIOSI, in his official capacity, )<br>Deputy Chief of Mission, United States )<br>Embassy, Abu Dhabi, United Arab Emirates; )<br>JOHN DOE, in his official capacity, Consular )<br>Officer, U.S. Embassy, Abu Dhabi, United )<br>Arab Emirates, )<br>   U.S. Department of State )<br>   2201 C St. NW )<br>   Washington, DC 20520 )<br>                       )<br>        Defendants(s). )<br>_____) | Civil Action No. 1:25-cv-1183 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf F. Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Rd Suite 630 Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com.

1

## INTRODUCTION

COMES NOW JAGMOHAN SINGH (hereinafter "Plaintiff SINGH" or "Plaintiff") the Plaintiff, by and through the undersigned attorney, in the above cause, and states as follows:

1. This action is brought as a result of Defendants' failure to adjudicate Plaintiff SINGH's B1/B-2 Nonimmigrant Visa, ("Visa Application") within a reasonable period of time. The Visa Application, once adjudicated, will allow Plaintiff SINGH to travel to the United States. Plaintiff SINGH does not have the right to come to the U.S. without the approval and issuance of his Visa Application.

2. Plaintiff SINGH is seeking a writ of mandamus to compel the Defendant to complete the adjudication of Plaintiff's B-1/B2 Visa Application within a timely manner, and alleging violations of the Administrative Procedure Act (APA), 5 U.S.C. §§ 551 et seq. Plaintiff SINGH is the applicant of B-1/B-2 visa Application. Plaintiff filed his Application on November 21, 2023, and completed his required interview at the U.S. Embassy in Abu Dhabi, United Arab Emirates, and to this date, Plaintiff's Application remain unadjudicated.

3. Plaintiff SINGH attended his nonimmigrant visa interview on November 22, 2023, at the U.S. Embassy in Abu Dhabi, United Arab Emirates. Thereafter, Plaintiff's Application was placed in administrative processing and remains in a continued state of administrative processing for over one year and four months (over 16 months or 512 days). Not having received any communication regarding the pending B-1/B-2 filed with the U.S. Embassy in Abu Dhabi, United Arab Emirates, Plaintiff SINGH was forced to seek a writ of mandamus.

4.  The Plaintiff has a clear right to adjudication of his nonimmigrant visa Application within a timely manner. The delay in making a decision on Plaintiff's visa Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

5.  Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the visa Application as all in-person interactions that are necessary or routine in the adjudication process have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

6.  The final adjudication of the Visa Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

7.  Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the visa Application.

**PARTIES**

8.  Plaintiff JAGMOHAN SINGH is a citizen of India and a resident of Dubai, United Arab Emirates. He is the Applicant of a properly filed B-1/B-2 Nonimmigrant Visa Application (Form DS-160), for a nonimmigrant visa to visit the United States.

9.  Defendant MARCO RUBIO is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies. This action is filed against him in his official capacity.

10. Defendant SHANE MYERS is the Acting Principal Deputy Assistant Secretary of State

for Consular Affairs. As Acting Principal Deputy Assistant Secretary, he is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs. This action is filed against him in his official capacity.

11. Defendant ERIC GAUDIOSI is the Deputy Chief of Mission of the United States Embassy in Abu Dhabi, United Arab Emirates. He is the principal officer in charge of the Embassy. This action is filed against him in his official capacity.

12. Defendant JOHN DOE is a Consular Officer at the United States Embassy in Abu Dhabi, United Arab Emirates. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

13. This Court has jurisdiction to hear this complaint, and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

14. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

15. The Plaintiff has repeatedly requested the Defendants to make a final decision on his visa Application. Furthermore, Plaintiff has initiated numerous inquiries with Defendants but his Application continues to remain unadjudicated without any legitimate reason or explanation.

16. The Plaintiff has exhausted his administrative remedies. Plaintiff has supplied Defendants with documents that establish Plaintiff's eligibility for the issuance of a nonimmigrant visa to visit the United States.

17. There are no further administrative remedies available for Plaintiff to utilize.

## FACTUAL ALLEGATIONS

18. On November 21, 2023, Plaintiff SINGH successfully submitted his Form DS-160 through the U.S. Department of State's Consular Electronic Application Center ("CEAC") to apply for a B-1/B2, Nonimmigrant Visit Visa to travel to the United States. **[EXHIBIT A].**

19. On November 22, 2023, Plaintiff SINGH appeared at the U.S. Embassy in Abu Dhabi, United Arab Emirates, where he completed his consular interview for the Application filed on November 21, 2023. At the conclusion of the interview, Plaintiff SINGH was informed that his Visa Application had been approved, and that it would be issued within the coming days, yet no visa has been issued.

20. Despite having been informed that his Visa Applications had been approved, Plaintiff SINGH's visa Application remains unadjudicated, pending the completion of administrative processing. It is important to note that Plaintiff SINGH's wife received her nonimmigrant visa immediately following her interview, which she completed the same day as Plaintiff SINGH.

21. Since issuing the notice of administrative processing, Defendants have not made any requests for further information or evidence from the Plaintiff and nor have they completed the adjudication of his visa Application.

22. Plaintiff has made numerous inquiries over the past 16 months (512 days) regarding his nonimmigrant visa Application.

23. Plaintiff's inquiries have not resulted in any meaningful response.

24. Plaintiff SINGH's visa Application now continues to be pending with Defendants for over one year and four months (over 16 months or 512 days) since he completed his nonimmigrant visa interview at the U.S. Embassy, Abu Dhabi, United Arab Emirates.

25. Defendants have refused to provide any explanation which would merit the need for over 16 months of administrative processing time, given that Plaintiff SINGH's Application was initially approved.

26. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Visa Application as all in-person interactions that are necessary or routine in the adjudication process have already taken place; as such, COVID-19 related issues do not prohibit an officer's ability to issue of a decision in this matter.

27. Plaintiff has endured significant financial and emotional burdens as a result of the unreasonable period of time that his visa Application remains in administrative processing without a final adjudication.

## COUNT I

### VIOLATION OF THE APA- FORM DS-160 (B-1/B-2 Nonimmigrant Visit Visa)

28. All prior paragraphs are re-alleged as if fully stated herein.

29. Plaintiff SINGH has a statutory right to apply for and receive an adjudication of his B-1/B-2 Nonimmigrant Visa Applications pursuant to 22 CFR § 41.31. (See also 9 FAM 402.2 (U)).

30. Defendants have a duty to adjudicate Plaintiff SINGH's visa Application within a reasonable period of time under 5 U.S.C. §555(b).

31. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

32. No other adequate remedy is available to Plaintiff.

33. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff SINGH to adjudicate his visa Application within a timely manner.

34. The delay in making a decision on Plaintiff's visa Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

35. Given the Defendants' lack of a reason for not making a decision on Plaintiff SINGH's Visa Applications for over 16 months, Plaintiff's B-1/B-2 Nonimmigrant visa Application has been pending for an unreasonably long period of time.

36. Defendants have failed in their statutory duty to adjudicate the pending visa Application within a reasonable period of time.

37. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff SINGH's visa Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff SINGH's case.

38. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff SINGH's Form DS-160s, and his Applications for a B-1/B2 Nonimmigrant Visa, thereby depriving Plaintiff of the immigration benefit he seeks.

39. In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff SINGH has been denied the opportunity of obtaining a visit visa in order to travel to the United States.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff SINGH's Nonimmigrant Visa Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff SINGH's Nonimmigrant Visa Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  April 17, 2025

Respectfully submitted,

 /s/  Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq.**
**JEELANI LAW FIRM, PLC**
**3701 W Algonquin Rd Suite 630**
**Rolling Meadows, IL 60008**
sadaf@jeelani-law.com
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*